IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER G. HUTCHESON                                                                    PLAINTIFF

v.                                         Civil No. 6:19-CV-06134

HOT SPRING COUNTY JAIL                                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Hon. Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff, as part of a group of inmates, filed his Complaint in the Eastern District of Arkansas on November 25, 2019. An individual case for each inmate was opened that same day. (ECF No. 2). The case was transferred to this District on December 2, 2019. (ECF No. 3). Plaintiff alleges his rights were violated by the denial of mental health care while he was incarcerated in the Hot Spring County Jail. (ECF No. 2 at 4). Plaintiff names only the Hot Spring County Jail as a Defendant. (*Id*. at 1).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

The Hot Spring County Jail is a building and not a person or a legal entity subject to suit under § 1983. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). It is, therefore, recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of December 2019.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE